BANKATLANTIC, a Federal Savings Bank, a federally chartered savings bank, and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, a Pennsylvania corporation, Plaintiffs,

v.

COAST TO COAST CONTRACTORS, INC., et al., Defendants.

No. 91–2940–CIV.

United States District Court,
S.D. Florida.

Jan. 13, 1998.

Barry Beyer, Pro Se, Dix Hills, NY.

David Beyer, Pro Se, Huntington, NY.

Manny Beyer, Pro Se, Brooklyn Building Supply, Inc., Brooklyn, NY.

Jeffrey Beyer, Pro Se, Edgewater, NJ.

Kenneth Bittle, Pro Se, Pompano Beach, FL.

Perry C. Blank, Pro Se, Hollywood, FL, for Perry Blank and National Air Conditioning Sales, Inc. a/k/a Kitchen Masters.

Gino Ciuffetelli, Pro Se, Vero Beach, FL.

Barry Cohen, The Gallery at Bay Harbor, Bay Harbor Islands, FL, for Harris Poulikidis and Harris Home Designs, Inc., a/k/a Harris Home Designs.

James F. Crowder, Jr., Kimbrell & Hamann, P.A., Miami, FL, for National Union.

James Druker, Garden City, NY, for Gary Feldman and Citiwide Home Improvement of Queens, Inc.

Wayne Fischer, Pro Se, Coral Springs, FL.

Maranda Fritz, New York, NY, for Jay Cholost, Vanguard Roofing and Siding Corp. and Empire State Insulation.

James Gansky, Pro Se, Centereach, NY.

Joseph Giarizzo, Pro Se, Smithtown, NY.

Howard Gosin, Pro Se, Syosset, NY.

Peter J. Graham, Port Jefferson, NY, for Stephen Bohlen and Four Sons Home Contracting, Inc.

Howard Greenblatt, Pro Se, West Nyack, NY.

Howard E. Horowitz, Sunrise, FL, for Hy Beyer, Brooklyn Building Supply Co., B.D.M. Investment Corp. Money Purchase Plan and Trust and Sterling Southern Resources.

George Kaimis, Pro Se, Uniondale, NY.

Aaron Mandelbaum, Pro Se, Woodmere, NY.

Charles Mulligan, Pro Se, Massapequa Park, NY.

Nandor Nagy, Pro Se, Miami, FL.

Ledford Parnell, Jr., Ft. Lauderdale, FL, for Coast to Coast.

Bernard Perry, Pro Se, c/o Stockton Builders, Ardsley, NY.

Carol Plack, Pro Se, Mountain Home, NC.

Thomas P. Puccio, New York, NY.

William S. Reese, Paul Field, Lane, Reese, Aulick, Summers & Field, P.A., Miami, FL, for Bruce Beyer and Beyer Brothers Metal & Roofing Supply, Inc.

Joseph Ronzino, Wading River, NY.

David P. Rowe, Miami, FL, for Satellite Mike, Inc.

James Schultz, Midtown, NY, for Joseph Ronzino and Insulite Window Manufacturing.

Phillip Sedgwick, Pro Se, Phoenix, AZ.

S. Alan Stanley, Coconut Grove, FL, for Bell Financial Services.

Jerry Tritz, New York, NY, for Eugene Donatutti.

Stacey Van Malden, Lee Gross, P.A., Miami, FL, for Ron Scott and Hallmark Home Design.

Henry York, Pro Se, North Babylon, NY.

### ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS CAUSE came before the Court upon Plaintiffs BankAtlantic and National Union's Motion for Summary Judgment on Liability Against Certain Defendants Who Have Pleaded Guilty to Criminal Charges, filed on July 24, 1997.

THE COURT has considered the motion, responses and the pertinent portions of the record, and is otherwise fully advised in the premises. Plaintiffs seek summary judgment in their favor against eleven individual Defendants: David Beyer, Barry Beyer, Stephen Bohlen, Jay Cholost, Gino Ciuffetelli, Eugene Donatutti, Gary Feldman, Charles Mulligan, Bernard Perry, Harris Poulikidis, and Ron Scott. Because the Court finds that the guilty pleas, allocutions, and depositions of these Defendants establish indisputably their civil liability, the Court grants summary judgment in favor of the Plaintiffs against these Defendants.

### LEGAL STANDARD

Summary judgment is authorized where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff BankAtlantic is a federally chartered savings bank with its principal place of business in Broward County, Florida. The initial action in this case was instituted by BankAtlantic in 1991.[1] BankAtlantic, filed a Second Amended Complaint on August 18, 1994, asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"), and adding approximately eighty-two (82) named RICO Defendants to this action. BankAtlantic's RICO allegations describe an elaborate and complex scheme involving supply companies, contractors and sales finance companies, in concert with homeowners, to defraud BankAtlantic and other federally insured financial institutions by inducing them to buy millions of dollars of questionable home improvement loans through misrepresentations and concealment of material facts.

Plaintiff alleges that these misrepresentations and concealments included the following: alleged construction of home improvements for homeowners and financing of the home improvements; preparation of loan applications with the assistance and consent of the homeowners which misrepresented the actual income of the homeowners, the value of the properties, the homeowner's occupation, and the purpose of a loan; payments of kick-backs and bribes to homeowners in exchange for the execution of false documentation; preparation of false financial information to support loan applications, and the issuance of home improvement loans to homeowners knowing that such loan applications and financial information were false and

1. National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), initially a defendant in this action, was added as a co-plaintiff to this action on September 28, 1995, when the Court granted National Union's Motion for Leave to File a Crossclaim and for Realignment. National Union and BankAtlantic agreed to limit National Union's liability to $18 million dollars, and final payment was completed in May of 1995. Therefore, National Union alleges that it is subrogated to a majority of the causes of action set forth in BankAtlantic's Second Amended Complaint. Thus, the effect of this Order will also apply to co-plaintiff National Union.

fraudulent; selling of fraudulent home improvement loans and mortgages securing the loans to federally insured institutions for a substantial fee; making payments to these institutions in order to conceal that many of these loans were in fact in default.

Most of the named RICO Defendants have defaulted, and default final judgment has been entered against them. Eleven of the Defendants against whom default final judgment has *not* been entered have pleaded guilty before Judges William J. Zloch of this District or Arthur D. Spatt of the United States District Court for the Eastern District of New York to criminal charges arising out of the same scheme to defraud alleged in the present civil cases. Specifically, David Beyer has pleaded guilty to conspiring to defraud BankAtlantic and certain other financial institutions, to bribery of a bank officer, and to income tax evasion. He expressly admitted that, as president of Sterling Resources Ltd., he participated in a "Ponzi Scheme" in which fraudulent loan applications were sold to BankAtlantic and that periodic payments were made to BankAtlantic to conceal that the loans were in fact losing money, all in order that BankAtlantic continue to purchase such loans from Sterling Resources.

Similarly, Barry Beyer has pleaded guilty to conspiring to defraud BankAtlantic and to money laundering. He admitted in open court that he was in charge of the day-to-day operations of Sterling Southern Resources (a Florida-based affiliate of Sterling Resources) and counseled various contractors on how to falsify loan applications on behalf of homeowners to enable approval and funding by BankAtlantic.

Defendants Donatutti and Mulligan have pleaded guilty to conspiring to defraud BankAtlantic. Both admitted, by way of their criminal informations, that they participated in the day-to-day operations of the fraudulent scheme as "underwriters" employed by Sterling to evaluate, approve, and submit to BankAtlantic loan applications and supporting financial documentation, knowing that the loan applications were fraudulent and contained false representations. Defendant Donatutti has admitted to counseling contractors on how to fraudulently change loan applications so as to make them comply with BankAtlantic's lending standards. Additionally, Donatutti has admitted, by pleading guilty to income tax evasion, that he accepted kick-backs from various home improvement companies doing business with Sterling.

Defendants, Bohlen, Cholost, Ciuffetelli, Feldman, Perry, and Poulikidis, were home improvement contractors who have all pleaded guilty to conspiring to defraud BankAtlantic and other financial institutions. Defendants have admitted that, with Sterling's knowledge and assistance, they prepared and submitted to Sterling, for submission to BankAtlantic and other banks, loan applications and loan documentation that they knew were false. The fraudulent misrepresentations included, by the contractors' own admissions, the creation of fraudulent income tax returns, false inflation of salary and rental income, and fabrication of pay stubs and lease agreements. The purpose to these misrepresentations was clear: by inflating the income of the loan applicants, the contractors hoped to induce BankAtlantic to approve loans it would otherwise have rejected.

Defendant Scott, unlike the other contractors, has simply pleaded guilty to income tax evasion. He has not directly admitted to falsifying loan applications for submission to Sterling and BankAtlantic. In his deposition, he stated that he could not recall whether he had put false information in loan applications, and when questioned about his employment of Alan Krinsky (who has pleaded guilty to preparing false loan documentation), he invoked his Fifth Amendment privilege. Instead of direct evidence against Scott, BankAtlantic has offered the testimony of Defendant Donatutti who has stated in both his criminal and civil proceedings that Mr. Scott paid him bribes and was involved in the scheme to defraud BankAtlantic. Moreover, Alan Krinsky explained in both his allocution to Judge Spatt and his civil deposition that he fabricated tax returns, W-2 statements, and pay stubs at Defendant Scott's request. In his response to Plaintiffs' motion for summary judgment, Defendant Scott has denied these allegations but

has not come forward with any evidence to contradict them.

### LEGAL ANALYSIS

The Eleventh Circuit has expressly set forth and discussed the elements necessary to establish violations of both the substantive and conspiracy provisions of RICO, 18 U.S.C. §§ 1962(c) and (d). *See United States v. Starrett*, 55 F.3d 1525, 1541–44 (11th Cir. 1995). The law to be applied then is well settled.

As to the above-named Defendants, the facts of this case are also clear, because each of these Defendants has, in the course of his guilty plea, admitted the details of his involvement in the conspiracy to defraud BankAtlantic. The law is clear that the Court must accept these facts as proven. *Refined Sugars Inc. v. Southern Commodity Corp.*, 709 F.Supp. 1117, 1120 (S.D.Fla.1988)("[A] judgment based on a guilty plea is given the same collateral effect as any other criminal conviction, conclusive of all ideas that would have been resolved by a conviction following a contested jury trial."). Accepting as true Defendants' pleas and admissions, the Court concludes that summary judgment is appropriate on Plaintiffs' RICO claims.

### A. Substantive RICO

To establish a violation of the substantive RICO provision, 18 U.S.C. § 1962(c), the Eleventh Circuit has held it necessary to prove the following: (1) the existence of an enterprise; (2) that the enterprise affected interstate commerce; (3) that the defendants were employed by or associated with the enterprise; (4) that the defendants participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and (5) that the defendants participated through a pattern of racketeering activity. *United States v. Starrett*, 55 F.3d 1525, 1541 (11th Cir.1995).

■ As to the first two requirements, it is clear enough that an enterprise existed that affected interstate commerce. The pleas and admissions of the Defendants reveals an association of individuals and their business organizations working together and dedicated to selling fraudulent home improvement loans to numerous banks. The structure of the enterprise was simple. The various home improvement contractors were counseled on how to prepare fraudulent home improvement loans that would pass BankAtlantic approval. Those loans would be approved by Sterling Resources, and later resold to BankAtlantic. Finally, in order to mask the fact that many of the loans were in default, the Defendants made payments to BankAtlantic to support artificially the defaulted loans. This association is clearly sufficient to qualify as an enterprise pursuant to 18 U.S.C. § 1961(4). Moreover, as the majority of the home improvement loans involved homes located in New York State and were later resold to BankAtlantic in Florida, it is obvious that the enterprise affected interstate commerce.

■ It is also plain enough from the pleas and admissions that the Defendants here were employed or associated with the enterprise and participated in the affairs of the enterprise pursuant to *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). David and Barry Beyer have admitted to running the day to day operations of Sterling Resources Ltd. and Sterling Southern Resources, the business entities responsible for approving the fraudulent loans and reselling them to BankAtlantic. Defendants Donatutti and Mulligan have both admitted that as vice-presidents of Sterling, they served as underwriters of the loans and were directly responsible for processing them and assisting the individual contractors in their preparation. The contractor Defendants, with the exception of Defendant Scott, have admitted to being the principals of home improvement contracting companies that knowingly submitted fraudulent loan applications to Sterling. Certainly this participation is sufficient to satisfy the RICO requirement of participation. *See Reves*, 113 S.Ct. at 1170–73; *Starrett*, 55 F.3d at 1542.

■ As to Defendant Scott, he has denied any participation in the RICO conspiracy. Nevertheless, the Plaintiffs have submitted substantial evidence, by way of the testimony of Eugene Donatutti and Alan Krinsky, documenting Defendant Scott's participation in

the enterprise. Moreover, the Court may draw adverse inferences from Scott's invocation of his Fifth Amendment privilege when he was questioned as to his involvement. *Baxter v. Palmigiano,* 425 U.S. 308, 318–319, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Defendant Scott has not come forward with any evidence contradicting this proof, and his mere denials are insufficient to avoid an entry of summary judgment against him at this stage. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 Finally, it is clear from the Defendants' pleas and admission that they participated in the enterprise through a pattern of racketeering activity. In order to make such a showing, a Plaintiff must demonstrate "(1) that the defendants' predicate acts were related to the enterprise charged; and (2) that the predicate acts formed a pattern." *Starrett,* 55 F.3d at 1542. As to the latter requirement, the Supreme Court has held that the plaintiff must prove that the predicate acts are related to each other and have continuity. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). The activities and operations of the RICO enterprise admitted to here—submitting, selling, and later masking fraudulent home improvement loans—satisfy both prongs. Each of the Defendants here has admitted to (or in the case of Defendant Scott, has failed to rebut charges of) at least two acts related to the RICO conspiracy. For Defendants David and Barry Beyer, it was the soliciting, approving, and reselling of numerous fraudulent home improvement loans. Defendants Donatutti and Mulligan reviewed and processed these loans. The contractor defendants worked with Sterling to create these false loan applications. These acts were obviously continuous, related to each other, and in furtherance of the enterprise's illegal purpose. Accordingly, they form the basis of a pattern of racketeering activity.

**B. RICO Conspiracy**

 "To establish a RICO conspiracy violation under 18 U.S.C. § 1962(d), [a plain-

tiff] must prove that the defendants objectively manifested, through words or actions, an agreement to participate in the conduct of the affairs of the enterprise through the commission of two or more predicate crimes." *Starrett,* 55 F.3d at 1543 (internal quotations omitted). "The focus is on the agreement to participate in the enterprise through the pattern of racketeering activity, not on the agreement to commit the individual predicate acts." *Id.* Proof of a RICO conspiracy can be established by proving either that a defendant agreed to the overall objective of the conspiracy, or agreed personally to commit two predicate acts and therefore to participate in a single objective conspiracy. *Id.* at 1544. Here, all of the Defendants with the exception of Defendant Ron Scott[2] have pleaded guilty to conspiracy to commit bank fraud as well as multiple predicate acts in furtherance of that conspiracy. It is clear from these pleas that an agreement to defraud BankAtlantic has been established as a matter of law.

### CONCLUSION

In short, the Defendants cannot avoid civil liability for actions to which they have already pleaded criminal guilt. Based on the Defendants' guilty pleas and factual admissions, no material issues of fact remain to be tried. Therefore, it is

ADJUDGED that Plaintiffs' motion for summary judgment on liability is GRANTED as to Defendants David Beyer, Barry Beyer, Stephen Bohlen, Jay Cholost, Gino Ciuffetelli, Eugene Donatutti, Gary Feldman, Charles Mulligan, Bernard Perry, Harris Poulikidis, and Ron Scott, for violation of both the substantive and conspiracy provisions of RICO, 18 U.S.C. §§ 1962(c) and (d). Judgment is entered in favor of the BankAtlantic and National Union Fire Insurance Company of Pittsburgh, Pennsylvania as to liability against those Defendants, with damages to be determined at trial.

---

**2.** Again, while he has not admitted to conspiring to commit bank fraud, Defendant Scott has failed to contradict the substantial evidence that the

Plaintiff has submitted supporting a judgment as a matter of law that Defendant Scott was also involved in the conspiracy to commit bank fraud.